IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

LINDA MOORE,
individually and on behalf of all
similarly situated insureds,

    Plaintiff,

v.                                  Civil Action No.: 3:22-cv-00385

INDIAN HARBOR INSURANCE COMPANY,
NEPTUNE FLOOD INCORPORATED, and
PENINSULA INSURANCE BUREAU, INC.,

    Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Defendants, by counsel, have removed the above-captioned action from the Circuit Court of Wayne County, West Virginia to the United States District Court for the Southern District of West Virginia. As grounds for removal, Defendants state as follows:

### I.    NATURE OF REMOVED ACTION

1.    The removed case is a civil action filed on June 24, 2022 in the Circuit Court of Wayne County, West Virginia, assigned Civil Action No. 22-C-14 and captioned *Linda Moore v. Indian Harbor Insurance Co. et. al.*. In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet and a copy of all process, pleadings and orders served in the state court action are attached hereto as "**Exhibit A.**"

### II.    TIMELINESS OF REMOVAL

2.    In accordance with the requirements of 28 U.S.C. §1446(b), this notice of removal is filed within thirty (30) days after the receipt by Defendant, through service or otherwise, of a

copy of the Amended Complaint, upon which it was first ascertained that this case is one which is or has become removable based upon complete diversity pursuant to 28 U.S.C. § 1332(a).

### III.   VENUE IS PROPER

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred within the Southern District of West Virginia, Huntington Division.

### IV.   BASIS OF REMOVAL

4.   The United States District Court for the Southern District of West Virginia has original jurisdiction over this matter because: (1) there exists complete diversity between Plaintiff, Linda Moore, and Defendants, in this action insofar as Plaintiff and Defendants are citizens of different states; and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  *See* 28 U.S.C. § 1332.

**A.    There is complete diversity among the Plaintiff and Defendant.**

5.   This case involves citizens of different states and no Defendant is a resident of West Virginia; therefore, complete diversity exists within the meaning of 28 U.S.C. § 1332(a).

6.   Upon information and belief, Plaintiff is a resident of West Virginia.

7.   Indian Harbor Insurance Company is a Delaware corporation with a principal place of business of Stamford, Connecticut.

8.   Neptune Flood Incorporated is a Delaware corporation with a principal place of business of St. Petersburg. Florida.

9.   Peninsula Insurance Bureau, Inc. is a Florida corporation with a principal place of business of Miami, Florida.

**B.    The Amount in Controversy Exceeds $75,000.00.**

10.   The amount in controversy exceeds the jurisdictional minimum of $75,000.00; therefore, this Court maintains subject matter jurisdiction over this case.

11. To ascertain the amount in controversy, this Court must consider the Plaintiff's causes of action alleged in the Complaint and any amendments thereto, the notice of removal filed with this Court, and other relevant materials in the record. *Asbury-Castro v. GlaxoSmithKline, Inc.,* 352 F. Supp.2d 729 (N.D. W. Va. 2005)(citing 14C Charles Allen Wright, Arthur R. Miller, Federal Practice and Procedure, 3725 at 73 (3d ed. 1998)). To meet the amount in controversy threshold in its *Notice of Removal*, Dow "need includ[e] only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 555 (2014); *see also Asbury-Castro*, 352 F. Supp.2d 729 (citing *Hutchins v. Progressive Palvorde Ins. Co.,* 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.")

12. The Complaint alleges that Plaintiff is entitled to "more than $85,000" in costs to repair her home. Amended Complaint at Paragraph 17.

13. Plaintiff further alleges she continues to incur economic and non-economic damage. She also claims entitlement to attorneys' fees and consequential damages. *Id.* at Paragraphs 21 and 22.

14. Plaintiff further contends that punitive damages are warranted. *Id.* at Paragraph 43.

15. The Complaint, on its face, asserts that Plaintiff has incurred in excess of the jurisdictional limits for the property damage alone. This does not account for the other items of damages that Plaintiff also asserts as recoverable to her. Accordingly, if Plaintiff prevailed on the merits of the case as alleged in the Amended Complaint, the amount in controversy exceeds $75,000.

16. Defendants have met their burden of demonstrating that the amount in controversy exceeds the jurisdictional limit.

17. Accordingly, this case is properly removable to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a).

18. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

## V. STATEMENT OF CONSENT TO REMOVAL

19. In accordance with 28 U.S.C. § 1446(b)(2)(A), Defendants state that they are the only defendants in this case and each consents to removal.

## VI. CONCLUSION

**WHEREFORE**, Defendants remove this action now pending in the Circuit Court of Wayne County, West Virginia as Civil Action No. 22-C-14, to this Court.

Dated September 8, 2022

By Counsel:

*/s/ Michael P. Markins*
Matthew A. Nelson, Esq. (WVSB 9421)
Michael P. Markins, Esq. (WVSB 8825)
LEWIS BRISBOIS BISGAARD & SMITH LLP
707 Virginia Street, East, Suite 1400
Charleston, WV  25301
(304)553-0166(T)/(304)932-0265(F)
matt.nelson@lewisbrisbois.com
michael.markins@lewisbrisbois.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

LINDA MOORE,
individually and on behalf of all
similarly situated insureds,

    Plaintiff,

v.                                                        Civil Action No.: 3:22-cv-00385

INDIAN HARBOR INSURANCE COMPANY,
NEPTUNE FLOOD INCORPORATED, and
PENINSULA INSURANCE BUREAU, INC.,

    Defendants.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 8th day of September 2022, the foregoing "**Notice of Removal**" has been electronically filed using the CM/ECF system, which will send a Notice of Electronic Filing to, and constitutes service on, counsel of record as follows:

| | |
|---|---|
| Brent K. Kesner, Esq.<br>Ernest G. Hentschel, II, Esq.<br>Anthony E. Nortz, Esq.<br>Kesner & Kesner, PLLC<br>112 Capitol Street<br>P.O. Box 2587<br>Charleston, WV 25329<br>bkesner@kesnerlaw.com<br>ehentschel@kesnerlaw.com<br>anortz@kesnerlaw.com | Kenneth P. Hicks, Esq.<br>Kenneth P. Hicks, L.C.<br>742 4th Avenue<br>Huntington, WV 25701<br>khicks1748@aol.com |

                                             /s/ Michael P. Markins
                                             Matthew A. Nelson, Esq. (WVSB 9421)
                                             Michael P. Markins, Esq. (WVSB 8825)
                                             LEWIS BRISBOIS BISGAARD & SMITH LLP
                                             707 Virginia Street, East, Suite 1400
                                             Charleston, WV 25301
                                             (304)553-0166(T)/(304)932-0265(F)
                                             matt.nelson@lewisbrisbois.com
                                             michael.markins@lewisbrisbois.com