# EXHIBIT A

# Case Docket Entries

CC-50-2022-C-14

| Court: | **Circuit** | County: | **50 - Wayne** | Created Date: | **2/11/2022** | Security Level: | **Public** |
|---|---|---|---|---|---|---|---|
| Judge: | **Jason Fry** | | | Case Type: **Civil** | Case Sub-Type: **Tort** | Status: | **Open** |

Related Cases:

Style: **Linda Moore v. Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 2/11/2022 3:50:56 PM | E-Filed | | Complaint |
| | 1-1 2/11/2022 | Civil Case Information Statement | | |
| | 1-2 2/11/2022 | Complaint - Complaint | | |
| | 1-3 2/11/2022 | Transmittal | | |
| | 1-4 2/11/2022 | Summons | | |
| 2 | 2/11/2022 3:50:56 PM | Judge Assigned | J-50004 | Jason Fry |
| 3 | 2/11/2022 3:50:56 PM | Party Added | P-001 | Linda Moore |
| 4 | 2/11/2022 3:50:56 PM | Party Added | D-001 | Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services |
| 5 | 2/11/2022 3:50:56 PM | Attorney Listed | P-001 | A-5063 - Kenneth P. Hicks |
| 6 | 2/11/2022 3:50:56 PM | Service Requested | D-001 | Plaintiff - Secretary of State |
| 7 | 2/28/2022 1:00:27 PM | E-Docketed | | Supporting Documents - SERVICE RETURN FROM SECRETARY OF STATE RE: PENINSULA INSURANCE COMPANY ACCEPTED ON 2/23/2022 |
| | 7-1 2/28/2022 | Service Return - SERVICE RETURN FROM SECRETARY OF STATE RE: PENINSULA INSURANCE COMPANY ACCEPTED ON 2/23/2022 | | |
| | 7-2 2/28/2022 | Transmittal | | |
| 8 | 6/24/2022 8:38:04 AM | E-Filed | | Amended Complaint - Amended Complaint |
| | 8-1 6/24/2022 | Civil Case Information Statement | | |
| | 8-2 6/24/2022 | Amended Complaint - Amended Complaint | | |
| | 8-3 6/24/2022 | Transmittal | | |
| | 8-4 6/24/2022 | Summons | | |
| 9 | 6/24/2022 8:38:04 AM | Party Added | D-002 | Indian Harbor Insurance Company |
| 10 | 6/24/2022 8:38:04 AM | Party Added | D-003 | Peninsula Insurance Bureau, Inc. |
| 11 | 6/24/2022 8:38:04 AM | Party Added | D-004 | Neptune Flood Incorporated |
| 12 | 6/24/2022 8:38:04 AM | Attorney Listed | P-001 | A-2022 - Brent K. Kesner |
| 13 | 6/24/2022 8:38:04 AM | Service Requested | D-002 | Filer - Secretary of State |
| 14 | 6/24/2022 8:38:04 AM | Service Requested | D-003 | Filer - Secretary of State |
| 15 | 6/24/2022 8:38:04 AM | Service Requested | D-004 | Filer - Secretary of State |
| 16 | 6/24/2022 8:38:04 AM | Service Requested | D-001 | No Service |
| 17 | 6/24/2022 8:42:10 AM | E-Filed | | Reissue/Additional Summons - Summons - Indian Harbor Insurance Company |
| | 17-1 6/24/2022 | Supporting Document - Summons - Indian Harbor Insurance Company | | |
| | 17-2 6/24/2022 | Transmittal | | |
| | 17-3 6/24/2022 | Summons | | |
| 18 | 6/24/2022 8:42:10 AM | Service Requested | D-002 | Filer - Secretary of State |
| 19 | 6/24/2022 8:45:24 AM | E-Filed | | Reissue/Additional Summons - Summons - Neptune Flood Incorporated |
| | 19-1 6/24/2022 | Supporting Document - Summons - Neptune Flood Incorporated | | |
| | 19-2 6/24/2022 | Transmittal | | |
| | 19-3 6/24/2022 | Summons | | |
| 20 | 6/24/2022 8:45:24 AM | Attorney Listed | P-001 | A-12944 - Anthony Edward Nortz |
| 21 | 6/24/2022 8:45:24 AM | Service Requested | D-004 | Filer - Secretary of State |
| 22 | 6/24/2022 8:48:46 AM | E-Filed | | Reissue/Additional Summons - Summons - Peninsula Insurance Bureau, Inc. |

# Case Docket Entries

CC-50-2022-C-14

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 22-1 | 6/24/2022 | Supporting Document - Summons - Peninsula Insurance Bureau, Inc. | | |
| 22-2 | 6/24/2022 | Transmittal | | |
| 22-3 | 6/24/2022 | Summons | | |
| 23 | 6/24/2022 8:48:46 AM | Service Requested | D-003 | Filer - Secretary of State |
| 24 | 8/9/2022 4:03:43 PM | E-Filed | | Certificate of Service - Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Peninsula Insurance Bureau, Inc. |
| 24-1 | 8/9/2022 | Certificate of Service - Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Peninsula Insurance Bureau, Inc. | | |
| 24-2 | 8/9/2022 | Transmittal | | |
| 25 | 8/9/2022 4:04:58 PM | E-Filed | | Certificate of Service - Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Neptune Flood Incorporated |
| 25-1 | 8/9/2022 | Certificate of Service - Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Neptune Flood Incorporated | | |
| 25-2 | 8/9/2022 | Transmittal | | |
| 26 | 8/9/2022 4:06:00 PM | E-Filed | | Certificate of Service - Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Indian Harbor Insurance Company |
| 26-1 | 8/9/2022 | Certificate of Service - Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions to Indian Harbor Insurance Company | | |
| 26-2 | 8/9/2022 | Transmittal | | |
| 27 | 8/11/2022 3:22:34 PM | E-Docketed | | Supporting Documents - SERVICE RETURN: WV SECRETARY OF STATE-PENNINSULA INSURANCE BUREAU, INC. SERVED ON 8/9/2022 |
| 27-1 | 8/11/2022 | Service Return - SERVICE RETURN: WV SECRETARY OF STATE-PENNINSULA INSURANCE BUREAU, INC. SERVED ON 8/9/2022 | | |
| 27-2 | 8/11/2022 | Transmittal | | |
| 28 | 8/11/2022 3:29:49 PM | E-Docketed | | Supporting Documents - SERVICE RETURN: WV SECRETARY OF STATE-INDIAN HARBOR INSURANCE COMPANY. SERVED ON 8/9/2022 |
| 28-1 | 8/11/2022 | Service Return - SERVICE RETURN: WV SECRETARY OF STATE-INDIAN HARBOR INSURANCE COMPANY. SERVED ON 8/9/2022 | | |
| 28-2 | 8/11/2022 | Transmittal | | |
| 29 | 8/11/2022 3:41:51 PM | E-Docketed | | Supporting Documents - SERVICE RETURN: WV SECRETARY OF STATE-NEPTUNE FLOOD INCORPORATED. SERVED ON 8/9/2022 |
| 29-1 | 8/11/2022 | Service Return - SERVICE RETURN: WV SECRETARY OF STATE-NEPTUNE FLOOD INCORPORATED. SERVED ON 8/9/2022 | | |
| 29-2 | 8/11/2022 | Transmittal | | |

# COVER SHEET

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF WAYNE COUNTY WEST VIRGINIA
### Linda Moore v. Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services

**First Plaintiff:**
☐ Business ☑ Individual
☐ Government ☐ Other

**First Defendant:**
☑ Business ☐ Individual
☐ Government ☐ Other

**Judge:**  Jason Fry

## COMPLAINT INFORMATION

**Case Type:**  Civil

**Complaint Type:**  Tort

**Origin:**  ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:**  ☑ Yes  ☐ No     **Case will be ready for trial by:**  2/20/2023

**Mediation Requested:**  ☑ Yes  ☐ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

☐ Wheelchair accessible hearing room and other facilities

☐ Interpreter or other auxiliary aid for the hearing impaired

☐ Reader or other auxiliary aid for the visually impaired

☐ Spokesperson or other auxiliary aid for the speech impaired

☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:  Kenneth Hicks, 742 4th Ave, Huntington, WV 25701

## SERVED PARTIES

**Name:**          Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services

**Address:**      6065 NW 167th Street Suite B1, Miami FL 33015

**Days to Answer:** 30           **Type of Service:**  Plaintiff - Secretary of State

E-FILED | 9/1/2022 3:56 PM
CC-50-2022-C-116
Wayne County Circuit Clerk
Rusty Thompson

IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**LINDA MOORE**

     Plaintiff,

v.                                     **Civil Action No.:**
                                          Judge:

**PENINSULA INSURANCE BUREAU, d/b/a
NEPTUNE FLOOD INSURANCE SERVICES**

     Defendants.

---

## COMPLAINT

---

     COMES NOW the Plaintiff, LINDA MOORE, by and through her undersigned counsel, Kenneth P. Hicks, L.C., and for her cause of action herein, stateS as follows:

### PARTIES
### I.

     Plaintiff, LINDA MOORE is now and was at the time of the incident herein complained of a resident and citizen of Dunlow, Wayne County, West Virginia.

### II.

     Defendant, PENINSULA INSURANCE BUREAU, d/b/a NEPTUNE FLOOD INSURANCE SERVICES (hereinafter referred to as "**NEPTUNE**") is now and was at the time of the incident herein complained of, a foreign corporation, authorized and doing business in the state of West Virginia including the issuance of private flood insurance contracts to residents of Wayne County. **NEPTUNE** issued a private flood insurance policy to Plaintiff **LINDA MOORE** which covered damages to her home in the amount of $200,000.00, when **LINDA MOORE's** home was severely damaged as a result of a major flood event which occurred on or about March 1, 2021, in Dunlow, Wayne County, West Virginia. The private flood insurance

policy issued by **NEPTUNE** had an effective date of transmission that began on December 22, 2020 and was effective until December 22, 2021. Thus, the private flood insurance policy issued by **NEPTUNE** to **LINDA MOORE** was in full force and effect at the time of the major flood event that occurred on March 1, 2021.

## JURISDICTION AND VENUE
### III.

The property insured by **NEPTUNE** was situated in Dunlow, Wayne County, West Virginia at the effective date of transmission or when the policy became effective on December 22, 2020. Thus, venue is appropriate pursuant to West Virginia Code § 56-1-1(a)(5) as the subject real estate owned by the Plaintiff was situated in Dunlow, Wayne County, West Virginia, at the time the policy became effective.

## BREACH OF CONTRACT
## COUNT ONE
### IV.

On December 22, 2020, **NEPTUNE** offered and sold the Plaintiff a policy of private flood insurance on her home located at 42 Dunlow Hill, Genoa, West Virginia 25517 under policy number: ASR1083115. Plaintiff, **LINDA MOORE**, entered into an agreement with **NEPTUNE** whereby the Plaintiff paid monies for insurance coverage on the parcel of real estate located at 42 Dunlow Hill, Genoa, West Virginia 25517. **NEPTUNE** accepted these monies as premiums in exchange for insurance coverage.

Defendant **NEPTUNE** has denied to fairly compensate the Plaintiff's flood damage claim presented by its own insured **LINDA MOORE**. The Plaintiff has obtained an estimate from a repair company that has included the description of damages, needed repairs, as well as costs.

2

**NEPTUNE**, through its own adjuster, obtained its own estimate of damages and costs of repairs and disagrees with the damages which the Plaintiff is claiming. Plaintiff has made a prompt and appropriate claim pursuant to the terms of the policy issued by **NEPTUNE**, and **NEPTUNE** has failed to make the Plaintiff whole under the terms and conditions of the private flood insurance policy that the Plaintiff purchased, which is in direct violation of the conditions and terms of the contract **NEPTUNE** entered into with the Plaintiff.

Defendant **NEPTUNE**, through its agents, representatives and/or servants, has breached the contracted private flood insurance policy that it entered into the with the Plaintiff.

### VIOLATION OF UNFAIR CLAIM SETTLEMENT PRACTICES ACT
### V.

The UFTPA set out in West Virginia Code § 33-11-1 *et seq.* and more specifically West Virginia Code § 33-11-4(9), sets forth the following violations or failure for the fair handling of insurance claims in the State of West Virginia.

Defendant, **NEPTUNE**, has violated the UFTPA, and more particularly under West Virginia Code §33-11-4(9),  in the handling of Plaintiff's claim(s) and, in fact, Plaintiff contends that **NEPTUNE**, through its agents or representatives, acted with actual, willful, and wanton misconduct in the handling of her property claim.

Plaintiff has complied with and performed conditions required under her private flood insurance policy and is therefore been forced to institute a civil action to recover the benefits under the aforesaid policy due to Defendant **NEPTUNE**'s failure to fairly negotiate and resolve the Plaintiff's claim under her own contract of insurance.

3

## BAD FAITH
## VI.

Plaintiff contends that Defendant **NEPTUNE**, through its agents and representatives, has acted with actual malice in denying the appropriate benefits of the private flood insurance policy cited above.

Defendant **NEPTUNE**'s actions were intentional, malicious, and with a total disregard to the rights of the Plaintiff and such actions amount to first party "bad faith" on the part of the Defendant **NEPTUNE**.

## DAMAGES
## VII.

As a direct and proximate result of the actions of Defendant **NEPTUNE**, Plaintiff has suffered damages to her property which includes, but is not limited to, the diminution of value, loss of equity, loss of income, extreme aggravation, emotional distress, mental anguish, embarrassment, economic losses, damages to their credit, inconvenience, attorney fees and expenses.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff, **LINDA MOORE**, demands judgment against the Defendant **NEPTUNE** in an amount that will fully compensate her in compensatory damages. Plaintiff further demands judgment against the Defendant, from the date of the incident, for pre-judgment interest, post-judgment interest, court costs, attorneys' fees, and any other relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

4

The Plaintiffs hereby demand a trial by jury on all issues mentioned in this Complaint.

**LINDA MOORE**

BY COUNSEL

Kenneth P. Hicks, Esquire (WV BAR # 5063)
Jared Hicks, Esquire (WV BAR #14008)
KENNETH P. HICKS, L.C.
742 4th Avenue
Huntington, WV 25701
Telephone: (304) 525-3201
Facsimile: (304) 525-4700
*Counsel for Plaintiffs*

5

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
888-767-8683
Visit us online:
www.wvsos.com

CIRCUIT COURT OF WAYNE COUNTY
PO BOX 38
Wayne, WV 25570-0038

---

| | |
|---|---|
| **Control Number:** 288986 | **Agent:** C. T. Corporation System |
| **Defendant:** PENINSULA INSURANCE COMPANY | **County:** Wayne |
| 5098 WEST WASHINGTON STREET | **Civil Action:** 22-C-14 |
| SUITE 407 | **Certified Number:** 92148901125134100003466868 |
| CHARLESTON, WV 25313 US | **Service Date:** 2/23/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS



E-FILED | 2/11/2022 3:50 PM
CC-50-2022-C-
Wayne County Circuit Clerk
Regina Thompson

IN THE CIRCUIT OF WAYNE WEST VIRGINIA
**Linda Moore v. Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services**

Service Type:    Plaintiff - Secretary of State

NOTICE TO:   Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services, 6065 NW 167th Street, Suite B1, Miami, FL 33015
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Kenneth Hicks, 742 4th Ave, Huntington, WV 25701

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 2/11/2022 3:50:54 PM | /s/ Regina Thompson |
|---|---|
| Date | Clerk |

*paid*

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by
advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# COVER SHEET

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF WAYNE COUNTY WEST VIRGINIA
**Linda Moore v. Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services**

**First Plaintiff:**
- ☐ Business
- ☑ Individual
- ☐ Government
- ☐ Other

**First Defendant:**
- ☑ Business
- ☐ Individual
- ☐ Government
- ☐ Other

**Judge:**    Jason Fry

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Tort

**Origin:**    ☑ Initial Filing    ☐ Appeal from Municipal Court    ☐ Appeal from Magistrate Court

**Jury Trial Requested:**    ☑ Yes    ☐ No    **Case will be ready for trial by:** 6/23/2023

**Mediation Requested:**    ☑ Yes    ☐ No

**Substantial Hardship Requested:**    ☐ Yes    ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:    Brent Kesner, PO Box 2587, Charleston, WV 25329

## SERVED PARTIES

**Name:** Peninsula Insurance Bureau, Inc. d/b/a Neptune Flood Insurance Services
**Address:** 6065 NW 167th Street Suite B1, Miami FL 33015
**Days to Answer:** N/A          **Type of Service:** No Service

---

**Name:** Indian Harbor Insurance Company
**Address:** Sarah M. Mims 505 Eagleview Boulevard, Suite 100, Exton PA 19341
**Days to Answer:** 30          **Type of Service:** Filer – Secretary of State

---

**Name:** Peninsula Insurance Bureau, Inc.
**Address:** Jose A. Palacios 6065 NW 167 Street, Suite B1, Miami FL 33015
**Days to Answer:** 30          **Type of Service:** Filer – Secretary of State

---

**Name:** Neptune Flood Incorporated
**Address:** Registered Agents Inc. 110 James Street, Hinton WV 25951
**Days to Answer:** 30          **Type of Service:** Filer – Secretary of State

IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**LINDA MOORE,**
**individually and on behalf of all**
**similarly situated insureds,**

        **Plaintiff,**                         **Civil Action No. CC-50-2022-C-14**
                                                      **Honorable Jason Fry**

**v.**

**INDIAN HARBOR INSURANCE COMPANY,**
**NEPTUNE FLOOD INCORPORATED, and**
**PENINSULA INSURANCE BUREAU, INC.,**

        **Defendants.**

### AMENDED COMPLAINT

    **COMES NOW** the Plaintiff Linda Moore, individually and on behalf of all similarly situated insureds, pursuant to Rule 57 of the West Virginia Rules of Civil Procedure and W.Va. Code §55-13-1 et seq., who for her *Amended Complaint* against Defendants, Indian Harbor Insurance Company ("Indian Harbor"), Neptune Flood Incorporated ("Neptune"), and Peninsula Insurance Bureau, Inc. ("Peninsula"), states as follows:

### Common Allegations

    1.    The Plaintiff Linda Moore is a resident of 42 Dunlow Hill, Dunlow, West Virginia, Wayne County, and has resided there at all times pertinent to this Amended Complaint.

    2.    Defendant Indian Harbor is a foreign corporation actively engaged in the business of insurance in West Virginia, including in Wayne County, West Virginia.

    3.    Defendant Neptune is a foreign corporation actively engaged in, the business of insurance in West Virginia, including in Wayne County, West Virginia.

4.      Defendant Peninsula is a foreign corporation actively engaged in the business of insurance in West Virginia, including in Wayne County, West Virginia.

5.      At all relevant times, Defendants were engaged in the business of insurance, as defined in the West Virginia Unfair Trade Practices Act, W.Va. Code §33-11-2, et seq.

6.      This Court has jurisdiction and venue over this matter because the loss giving rise to this Amended Complaint occurred in Wayne County, West Virginia, and the amount in controversy is in excess of the jurisdictional limit of this Court.

7.      At all relevant times, Defendant Indian Harbor and/or Defendant Neptune had in force and effect a private flood insurance policy issued to Plaintiff, insuring Plaintiff's home and property at 42 Dunlow Hill, Dunlow, West Virginia, under Policy No. ASR1083115 (the "Policy").

8.      On or about March 1, 2021, a major flood event ("Flood") occurred in the area of the Plaintiff's home and property which severely damaged the home and property.

9.      As a direct and proximate result of the Flood, the Plaintiff sustained significant damages to her home and property, as well as damages for the cost of removing the resulting debris.

## Count I - Declaratory Judgment/Breach of Contract
## (Indian Harbor and Neptune)

10.     Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 9 of this Complaint, as though fully restated and made a part of Count I of this Complaint.

11.     At the time of the Flood, the Plaintiff's home and property were insured under the Policy, with relevant dates of coverage from December 22, 2020 through December 22, 2021, which provided coverage for flood damage to the Plaintiff's residence and property.

12.     The Policy obligated Defendants Indian Harbor and Neptune to pay the Plaintiff the full cost to repair her home for damages resulting from the Flood.

35084/67                                                    2

13.     Following the Flood on or about March 1, 2021, the Plaintiff timely notified Defendants Indian Harbor and Neptune of the damage to her property resulting from the Flood and presented a claim under the Policy, which was identified as Claim No. 994096 and was handled by Defendants Indian Harbor and Neptune's third-party administrator, Defendant Peninsula.

14.     Plaintiff, at all relevant times, paid the premiums due and otherwise complied with the terms and conditions of the Policy.

15.     On or about March 9, 2021, FKS Insurance Services, LLC inspected Plaintiff's property of behalf of Defendants and determined that "the risk does qualify for Replacement Cost coverage as it is the principal residence for the policyholder and is insured to 80% value of the dwelling."

16.     Despite the evaluation of the findings by its retained appraisers, Defendants Indian Harbor and Neptune failed to assist the Plaintiff in completing her claim and failed to offer and pay the Plaintiff the full amount of the damages to Plaintiff's residence resulting from the Flood.

17.     Plaintiff hired her own contractor, Wallace Construction, LLC, who determined that more than $85,000.00 in damage was caused to Plaintiff's residence by the Flood.

18.     Despite this information, on April 13, 2021, Defendants Indian Harbor and Neptune, through Michele Allen, an employee of Defendant Peninsula, advised the Plaintiff that Defendants would pay for only a portion of her damages and would also be taking a deduction for depreciation in connection with payment for the necessary repair and/or replacement of the Plaintiff's real property and refused to pay the Plaintiff for the full amount of the damages to her residence caused by the Flood.

19.     Because the Flood and the resulting damage to the Plaintiff's property was a covered cause of loss, Defendants Indian Harbor and Neptune were obligated to promptly investigate the

Plaintiff's claims and to pay the insurance benefits for the full cost of repairing and/or replacing the Plaintiff's real property, and to do so without any deduction for depreciation.

20.    Defendants Indian Harbor and Neptune's refusal to provide necessary first-party assistance to the Plaintiff, their refusal to pay the Plaintiff applicable insurance benefits, without imposing an unlawful deduction for depreciation, and their refusal to pay the Plaintiff the full amount for her damages resulting from the Flood, constitute a breach of the Policy, which has proximately caused the Plaintiff to incur continuing economic and non-economic damages.

21.    As a direct and proximate result of Defendants Indian Harbor and Neptune's breach of the Policy, the Plaintiff is entitled to recover compensatory damages from Defendants Indian Harbor and Neptune for her net economic loss, attorney fees, and consequential damages.

22.    Upon information and belief, when other Indian Harbor and Neptune insureds in West Virginia have made claims for damage to their insured real property, similar to the claim of Plaintiff herein, Defendants Indian Harbor and Neptune have applied an unlawful deduction for depreciation in connection with the loss and/or repairs to their real property.

**Count II - Allegations under Rule 23 of
the West Virginia Rules Of Civil Procedure
(Indian Harbor and Neptune)**

23.    Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 22 of this Amended Complaint, as though fully restated and made a part of Count II of this Amended Complaint.

24.    Plaintiff brings this action on behalf of herself and, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, on behalf of all other similarly situated insureds, as representative of the following class (hereinafter referred to as the Class):

35084/67                                    4

Any person or entity:

1.  Who is or was insured under an Indian Harbor or Neptune insurance policy covering real property located in West Virginia at any time from March 1, 2011 to the present;

2.  Who, on or after March 1, 2011, suffered a covered cause of loss for damage to their insured real property while insured under an insurance policy issued by Indian Harbor and/or Neptune; and

3.  Who received an offer or payment from or on behalf of Indian Harbor and/or Neptune for the cost of repairing and/or replacing the damage to their real property which reflected a deduction for depreciation in connection with the cost of repairing and/or replacing the real property.

25.    On behalf of the Class, the Plaintiff, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, seeks class certification of the claim in Count I of this Amended Complaint, which seeks damages from Defendants Indian Harbor and Neptune for the full cost of repairing or replacing the damage to the real property of the Class, without deduction for depreciation.

26.    Furthermore, on behalf of the Class, the Plaintiff, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, seeks class certification of the claim in Count I of this Amended Complaint, which seeks recovery of the damages sustained by the Class due to Defendants Indian Harbor and Neptune's breach of contract.

27.    Plaintiff seeks a class determination of the disputed issue regarding Defendants Indian Harbor and Neptune's obligation to offer and pay insurance benefits for the full cost of repairing and/or replacing damage to their real property, without deduction for depreciation, and a determination of the economic loss sustained by the Class as a proximate result of Defendants Indian Harbor and Neptune's deductions for depreciation.

28.    While the Plaintiff does not presently possess information sufficient to identify the exact size of the Class, Plaintiff reasonably believes the total size is sufficiently numerous that joinder of all members would be impracticable.

29.    The claims of the Plaintiff are typical of the claims of the Class, and the Plaintiff will fairly and adequately protect the interests of the Class.

30.    The Plaintiff has no conflict with any other Class member and has retained competent counsel experienced in insurance and tort litigation.

31.    Defendants have, upon information and belief, acted or refused to act on grounds generally applicable to the Class, thereby making relief with respect to the Class as a whole appropriate.

32.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants or adjudications with respect to individual members of the Class and which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or which would substantially impair or impede their ability to protect their interests.

33.    Common questions of law and fact exist, including:

    a.    The relevant contractual and legal duties which Defendants Indian Harbor and Neptune owe to the Plaintiff and the Class relative to the validity of Defendants Indian Harbor and Neptune's deductions for depreciation in connection with claims for damage to real property in West Virginia;

    b.    Whether Defendants Indian Harbor and Neptune breached contractual and legal duties owed to Plaintiff and the Class through their deductions for depreciation in connection with the cost of repairing or replacing real property in West Virginia; and

      c.    Whether the Class is entitled to damages arising from Defendants Indian Harbor and Neptune's deductions for depreciation in connection with the cost of repairing or replacing real property in West Virginia.

34.    The aforementioned questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members.

35.    Class action treatment is a superior method for the fair and efficient adjudication of the controversy described herein, and a Class action provides the most efficient method for the enforcement of the rights of the Plaintiff, the Class members, and Defendants Indian Harbor and Neptune.

36.    The Plaintiff knows of no unusual problems of management and notice with respect to the Class.

37.    The Plaintiff believes the total size of the Class is sufficiently numerous that joinder of all members would be impracticable.

38.    The claims raised against Defendants Indian Harbor and Neptune concerning their deductions for depreciation in connection with the cost of repairing and/or replacing real property are typical of the claims of the Class such that the Plaintiff will fairly and adequately protect the interests of the Class.

**Count III- Common-law "Bad Faith"**
**(Indian Harbor and Neptune)**

39.    Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 38 of this Amended Complaint, as though fully restated and made a part of Count III of this Amended Complaint.

40.    Through their actions described herein and their refusal to properly pay Plaintiff's claims, Defendants Indian Harbor and Neptune breached their common-law duty of good faith and

fair dealing to the Plaintiff, such that their conduct amounts to "common-law bad faith," as recognized in the case of *Hayseeds v. State Farm Fire and Cas. Co.*, 352 S.E.2d 73 (W.Va. 1986).

41.     As a direct and proximate result of Defendants Indian Harbor and Neptune's "bad faith" and their breach of their common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendants Indian Harbor and Neptune her economic and non-economic damages, including attorneys fees, costs, and damages for annoyance and inconvenience, as permitted under *Hayseeds*.

42.     From their initial notification of the Plaintiff's claims, Defendants Indian Harbor and Neptune have acted maliciously, wilfully, and intentionally, predetermined to refuse and/or delay full and proper payment of Plaintiff's claim.

43.     Defendants Indian Harbor and Neptune's deliberate, malicious and intentional acts toward the Plaintiff have proximately caused continuing economic and non-economic damages to the Plaintiff, all of which warrant and command an award of punitive damages, as permitted under *Hayseeds*.

**Count IV- Unfair Trade Practices**
**(All Defendants)**

44.     Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 43 of this Amended Complaint, as though fully restated and made a part of Count IV of this Amended Complaint.

45.     Defendants were provided with reasonable notice of Plaintiff's claims for the damage to her home and barn caused by the Flood, and had adequate time to investigate any coverage and liability issues.

46.     At all times relevant herein, Defendants misrepresented pertinent and material facts with regard to the availability and amount of insurance coverage at issue, in direct violation of W.

35084/67                                                        8

Va. Code § 33-11-4(9)(a). In particular, on April 13, 2021, Defendants knowingly and intentionally misrepresented the terms of the Policy and Defendants' right to depreciate the cost of repairing and/or replacing the Plaintiff's real property.

47.    At all times relevant herein, Defendants have refused to acknowledge and act reasonably promptly upon communications with respect to the claims of the Plaintiff, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(b). In particular, Defendants refused to promptly respond to Plaintiff's requests for payment under the Policy and failed to act promptly in response to information provided by the Plaintiff.

48.    At all times relevant herein, Defendants failed to adopt and/or implement reasonable standards for the prompt investigation of Plaintiff's claim arising under the Policy, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(c).  In particular, Defendants failed to implement standards which would have prevented Defendants from applying depreciation to the cost to repair and/or replace the Plaintiff's real property, in violation of West Virginia law and the express terms of the Policy.

49.    At all times relevant herein, Defendants delayed full and proper payment of Plaintiff's claims and failed to conduct a prompt and reasonable investigation based upon all available information, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(d).  In particular, Defendants refused to pay the full cost of repairing and/or replacing the Plaintiff's real property and also improperly applied depreciation, despite its own investigation determining that depreciation was inapplicable under the terms of the Policy.

50.    At all times relevant herein, Defendants did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, despite the fact that Defendants liability under the Policy was reasonably clear, and this constitutes a direct violation of W. Va. Code §33-11-

4(9)(f).  In particular, Defendants refused to pay the full cost of repairing and/or replacing the Plaintiff's real property and also improperly applied depreciation, despite its own investigation determining that depreciation was inapplicable under the terms of the Policy.

51.     Defendants compelled the Plaintiff to institute this litigation in order to recover the full amount of the insurance coverage benefits due and payable under the Policy, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(g).

52.     At all times relevant herein, Defendants failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for their refusal to pay the subject insurance benefits, and this constitutes a direct violation of W. Va. Code §33-11-4(9)(n). In particular, Defendants failed to explain the basis in the Policy for their refusal to pay the full cost of repairing and/or replacing the Plaintiffs's real property or for their unlawful application of depreciation to the cost of repairing and/or replacing Plaintiff's real property.

53.     At all times relevant herein, Defendants failed to promptly conduct and diligently pursue a thorough, fair and objective investigation of Plaintiff's claim, and unreasonably delayed the resolution of the claim, and this constitutes a direct violation of West Virginia Code of State Regulations (C.S.R.) §114.

54.     The conduct of Defendants is part of a general business practice and constitutes unfair claims settlement practices under West Virginia law, and specifically the provisions of W. Va. Code §33-11-4(9).

55.     As a direct and proximate result of the Defendants' violations of W. Va. Code §33-11-4(9) as outlined above, the Plaintiff has been deprived of the full insurance benefits due and owing under the Policy, and she has sustained other economic and non-economic damages, as well

as the costs incurred in pursuing this action, attorneys fees, annoyance and inconvenience, and other general damages.

56.    From their receipt of the initial notification of Plaintiff's claims, Defendants acted maliciously, willfully and intentionally, predetermined to delay and refuse proper and full payment of Plaintiff's claims, in violation of W. Va. Code §33-11-4(9).

57.    At all times relevant herein, Defendants acted with the deliberate, willful and malicious intent to injure and damage the Plaintiff in violation of West Virginia law, all of which has proximately caused and is continuing to cause economic and non-economic damages to the Plaintiff and which warrants and commands an award of punitive damages.

58.    Defendants violations of the Unfair Trade Practices Act have been committed with such frequency as to constitute the Defendants' general business practice of violating the Act.

59.    Under the legal precedent established in *Jenkins v. JC Penney Cas. Ins. Co.* 280 S.E.2d 252 (W. Va. 1981), and *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W. Va. 1996), this Court has jurisdiction over this private cause of action for the unfair claims settlement practices of Defendants and the Plaintiff is entitled to an award of damages for legal fees and costs, net economic losses, annoyance and inconvenience, general damages, and punitive damages pursuant to said cause of action.

**WHEREFORE**, the Plaintiff, individually and on behalf of all similarly situated insureds demands judgment as follows:

a)    A declaratory judgment that Defendants Indian Harbor and Neptune are obligated to pay insurance benefits to the Plaintiff for the reasonable cost of repairing and/or replacing the Plaintiff's real property, without deduction for depreciation, pursuant to the Declaratory Judgments Act found at W. Va. Code §55-13-1, et seq.;

b)    A declaratory judgment, that under applicable West Virginia law, Defendants Indian Harbor and Neptune are obligated to pay insurance benefits to the Plaintiff and the

Class for the reasonable cost of repairing and/or replacing damage to real property, without deduction for depreciation, pursuant to the Declaratory Judgments Act found at W. Va. Code §55-13-1, et seq.;

c)    An award of compensatory damages against Defendants Indian Harbor and Neptune, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the contractual sums due the Plaintiff under the Policy, plus the attorneys fees, costs, net economic losses, consequential damages, and general damages the Plaintiff sustained as a result of Defendants' breach of the insurance contract;

d)    An award of compensatory damages against Defendants Indian Harbor and Neptune, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the contractual sums due the members of the Class as a result of Defendants' improper application of depreciation to the cost of repairing and/or replacing damage to their real property, plus the attorneys fees, costs, interest and net economic loss incurred as a result of the Defendants' improper application of depreciation to the cost of repairing and/or replacing damages to the real property of the Class;

e)    Compensatory and punitive damages against Defendants Indian Harbor and Neptune in connection with Defendants' common law bad faith and their breach of the covenant of good faith and fair dealing to the Plaintiff;

f)    Compensatory and punitive damages against all Defendants for their violations of the Unfair Trade Practices Act as a general business practice in connection with their handling of the Plaintiff's claim;

g)    Pre-judgment and post-judgment interest, and the attorney's fees and expenses incurred in pursuing this action; and

h)    Such further and additional relief as the Court may deem just and proper.

**PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INSUREDS, DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THIS AMENDED COMPLAINT.**

LINDA MOORE, INDIVIDUALLY AND ON
BEHALF OF ALL SIMILARLY SITUATED
INSUREDS

**By counsel,**

/s/ *Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6066)
Anthony E. Nortz (WVSB #12944)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV   25329
*Phone:* (304) 345-5200
*Fax:*  (304) 345-5265

*and*

Kenneth P. Hicks (WVSB #5063)
**Kenneth P. Hicks, L.C.**
742 4th Avenue
Huntington, WV 25701
*Phone:* (304) 525-3201
*Fax:* (304) 525-4700
***Counsel for Plaintiffs***

**SUMMONS**

**IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA**

**LINDA MOORE,**

    **Plaintiffs,**

    **v.**
                                           **Civil Action No. CC-50-2022-C-14**
                                           **Honorable Jason Fry**

**INDIAN HARBOR INSURANCE COMPANY,**
**NEPTUNE FLOOD INCORPORATED,**
**PENINSULA INSURANCE BUREAU, INC.,**

    **Defendants.**

**To:**    **Indian Harbor Insurance Company**

        **Sarah M. Mims**
        **505 Eagleview Boulevard, Suite 100**
        **Exton, PA  19341**

**TO THE ABOVE-NAMED DEFENDANT:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Plaintiff's attorney, Brent K. Kesner, whose address is Kesner & Kesner, PLLC, P.O. Box 2587, Charleston, West Virginia, 25329, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above-styled civil action.

In addition, you are required to respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, served herein upon you, within **forty-five (45)** days after service of this Summons upon you.

Dated:_____    _____

                                             Clerk of Court

35084/84

**SUMMONS**

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**LINDA MOORE,**

    **Plaintiffs,**

    **v.**                       **Civil Action No. CC-50-2022-C-14**
                                         **Honorable Jason Fry**

**INDIAN HARBOR INSURANCE COMPANY,**
**NEPTUNE FLOOD INCORPORATED,**
**PENINSULA INSURANCE BUREAU, INC.,**

    **Defendants.**

**To:**    **Neptune Flood Incorporated**

        **Registered Agents Inc.**
        **110 James Street**
        **Hinton, WV 25951**

**TO THE ABOVE-NAMED DEFENDANT**:

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Plaintiff's attorney, Brent K. Kesner, whose address is Kesner & Kesner, PLLC, P.O. Box 2587, Charleston, West Virginia, 25329, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above-styled civil action.

    In addition, you are required to respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, served herein upon you, within **forty-five (45)** days after service of this Summons upon you.

Dated:_____    _____
                                                        Clerk of Court

35084/86

**SUMMONS**

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**LINDA MOORE,**

    **Plaintiffs,**

    **v.**
                                       **Civil Action No. CC-50-2022-C-14**
                                       **Honorable Jason Fry**

**INDIAN HARBOR INSURANCE COMPANY,**
**NEPTUNE FLOOD INCORPORATED,**
**PENINSULA INSURANCE BUREAU, INC.,**

    **Defendants.**

**To:**    **Peninsula Insurance Bureau, Inc.**

        **Jose A. Palacios**
        **6065 NW 167 Street, Suite B1**
        **Miami, FL  33015**

**TO THE ABOVE-NAMED DEFENDANT**:

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Plaintiff's attorney, Brent K. Kesner, whose address is Kesner & Kesner, PLLC, P.O. Box 2587, Charleston, West Virginia, 25329, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above-styled civil action.

      In addition, you are required to respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, served herein upon you, within **forty-five (45)** days after service of this Summons upon you.

Dated:_____      _____

                                                 Clerk of Court

35084/85



## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**LINDA MOORE, individually and on behalf of all similarly situated insureds,**

      **Plaintiffs,**

**v.**

**INDIAN HARBOR INSURANCE COMPANY, NEPTUNE FLOOD INCORPORATED, and PENINSULA INSURANCE BUREAU, INC.,**

      **Defendants.**

**Civil Action No. 22-C-14**
**Honorable Jason J. Fry**

## CERTIFICATE OF SERVICE

I, Brent K. Kesner, counsel for Plaintiff, do hereby certify that on the **9th day of August, 2022**, I served the **PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO PENINSULA INSURANCE BUREAU, INC.** upon Defendant Peninsula Insurance Bureau, Inc. by service of the same in conjunction with service of the Summons and Amended Complaint upon the West Virginia Secretary of State.

      /s/ *Brent K. Kesner*
      Brent K. Kesner (WVSB #2022)
      **Kesner & Kesner, PLLC**
      112 Capitol Street
      P. O. Box 2587
      Charleston, WV  25329
      *Phone:* (304) 345-5200
      *Fax:* (304) 345-5265

35084/123

IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**LINDA MOORE, individually and on behalf of all similarly situated insureds,**

        **Plaintiffs,**

**v.**

**INDIAN HARBOR INSURANCE COMPANY, NEPTUNE FLOOD INCORPORATED, and PENINSULA INSURANCE BUREAU, INC.,**

        **Defendants.**

**Civil Action No. 22-C-14**
**Honorable Jason J. Fry**

## CERTIFICATE OF SERVICE

I, Brent K. Kesner, counsel for Plaintiff, do hereby certify that on the **9th day of August, 2022**, I served the **PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO NEPTUNE FLOOD INCORPORATED** upon Defendant Neptune Flood Incorporated by service of the same in conjunction with service of the Summons and Amended Complaint upon the West Virginia Secretary of State.

/s/ *Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV  25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265

35084/124



IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**LINDA MOORE, individually and on behalf of all similarly situated insureds,**

        **Plaintiffs,**

**v.**

**INDIAN HARBOR INSURANCE COMPANY, NEPTUNE FLOOD INCORPORATED, and PENINSULA INSURANCE BUREAU, INC.,**

        **Defendants.**

**Civil Action No. 22-C-14**
**Honorable Jason J. Fry**

## CERTIFICATE OF SERVICE

I, Brent K. Kesner, counsel for Plaintiff, do hereby certify that on the **9th day of August, 2022**, I served the **PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO INDIAN HARBOR INSURANCE COMPANY** upon Defendant Indian Harbor Insurance Company by service of the same in conjunction with service of the Summons and Amended Complaint upon the West Virginia Secretary of State.

        /s/ *Brent K. Kesner*
        Brent K. Kesner (WVSB #2022)
        **Kesner & Kesner, PLLC**
        112 Capitol Street
        P. O. Box 2587
        Charleston, WV  25329
        *Phone:* (304) 345-5200
        *Fax:* (304) 345-5265

35084/125

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
888-767-8683
Visit us online:
www.wvsos.com

REGINA K THOMPSON
WAYNE COUNTY CIRCUIT CLERK
PO BOX 38
Wayne, WV 25570-0038

| | |
|---|---|
| **Control Number:** 295459 | **Agent:** JOSE PALACIOS |
| **Defendant:** PENINSULA INSURANCE BUREAU, INC.<br>6065 NW 167 STREET<br>SUITE B1<br>MIAMI, FL 33015 US | **County:** Wayne |
| | **Civil Action:** 22-C-14 |
| | **Certified Number:** 92148901125134100003530316 |
| | **Service Date:** 8/9/2022 |

I am enclosing:

**1 Interrogatories, 1 request for production, 1 request for admissions, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
888-767-8683
Visit us online:
www.wvsos.com

REGINA K THOMPSON
WAYNE COUNTY CIRCUIT CLERK
PO BOX 38
Wayne, WV 25570-0038

| | |
|---|---|
| **Control Number:** 295461 | **Agent:** SARAH MIMS |
| **Defendant:** INDIAN HARBOR INSURANCE COMPANY | **County:** Wayne |
| 505 EAGLEVIEW BLVD | **Civil Action:** 22-C-14 |
| SUITE 100 | **Certified Number:** 92148901125134100003530330 |
| EXTON, PA 19341 US | **Service Date:** 8/9/2022 |

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

REGINA K THOMPSON
WAYNE COUNTY CIRCUIT CLERK
PO BOX 38
Wayne, WV 25570-0038

Control Number: 295460

**Defendant:** NEPTUNE FLOOD INCORPORATED
110 MAIN STREET
BECKLEY, WV 25801 US

**Agent:** REGISTERED AGENTS INC

**County:** Wayne

**Civil Action:** 22-C-14

**Certified Number:** 92148901125134100003530323

**Service Date:** 8/9/2022

I am enclosing:

1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and amended complaint

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State