**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**LINDA MOORE,
individually and on behalf of all
similarly situated insureds,**

   **Plaintiff,**

**v.**          **Case No.:  3:22-cv-00385**

**INDIAN HARBOR INSURANCE COMPANY;
NEPTUNE FLOOD INCORPORATED; and
PENINSULA INSURANCE BUREAU, INC.,**

   **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 28). The Court **GRANTS**, in part, and **DENIES**, in part, the motion as follows:

- Defendants Indian Harbor Insurance Company and Neptune Flood Incorporated's admissions are amended as reflected in their responses served on December 21, 2022.

- Defendants Indian Harbor Insurance Company and Neptune Flood Incorporated are **ORDERED** to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents within **seven (7) days** of this Order. Any objections to the relevance or scope of these discovery requests are waived by Defendants complete failure to respond, but the Court will allow Defendants to assert valid claims of attorney-client privilege and/or work product, if applicable, with an accompanying

1

privilege log.

- Defendant Peninsula Insurance Bureau, Inc., is **ORDERED** to supplement its responses to Interrogatory Nos. 1, 13, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 and Request for Production of Documents Nos. 1, 2, 4, 10, 11, 12, 13, and 15 within **seven (7) days** of this Order. Defendant Peninsula shall fully respond to the discovery requests as worded with the exception of Interrogatory Nos. 18 through 20, which the Court limits to Indian Harbor/Neptune policies; Interrogatory Nos. 24 through 27, as explained below; and Request for Production No. 2, which the Court limits to claims for damage to real property. All other wording of the requests remains in effect.

- The Court denies the motion to compel with respect to Interrogatory Nos. 3, 12, and 17 and Request for Production of Documents Nos. 5 and 6.

The parties shall bear their own costs and attorney fees associated with this motion and any discovery compelled by this order.

## I. <u>Relevant Facts</u>

### A. *Amended Complaint*

Plaintiff Linda Moore ("Plaintiff") filed this action on behalf of herself and "all similarly situated insureds" (the "putative class"), and Defendants removed it to federal court based on diversity jurisdiction. (ECF Nos. 1, 1-1 at 15). Plaintiff asserts that she held a flood insurance policy issued by Defendant Indian Harbor Insurance Company ("Defendant Indian Harbor") and/or Neptune Flood Incorporated ("Defendant Neptune"), which insured her home and property in Dunlow, West Virginia. (*Id*. at 16). On March 1, 2021, a flood damaged Plaintiff's property. (*Id*.). Thus, Plaintiff presented a

claim for insurance benefits. (*Id*. at 17). Defendants Indian Harbor and Neptune used third-party administrator, Peninsula Insurance Bureau, Inc. ("Defendant Peninsula"), to handle the claim. (*Id*.).

According to Plaintiff, Defendants sent a field adjuster from FKS Insurance Services, LLC, to inspect her property on March 9, 2021. (*Id*.). The adjuster purportedly determined that the risk qualified for full replacement cost coverage because it was Plaintiff's principal residence, which was insured for 80 percent value of the dwelling. (*Id*.). Plaintiff hired a contractor, Wallace Construction, LLC, which determined that the flood caused more than $85,000.00 damage to her residence. (*Id*.). As stated in the amended complaint, Defendant Peninsula's employee Michele Allen advised Plaintiff on April 13, 2021 that Defendants would only pay a portion of her damages and would deduct depreciation for the necessary repair and/or replacement of the property. (*Id*.).

Plaintiff asserts that Defendants Indian Harbor and Neptune were obligated to pay her the full cost of repairing/replacing her property without deducting depreciation, and their failure to do so breached the insurance policy contract and caused her economic and non-economic damages. (*Id*. at 18). In addition, Plaintiff alleges (1) common law "bad faith" against Defendants Indian Harbor and Neptune and (2) unfair trade practices against all Defendants. (*Id*. at 21-25). She seeks declaratory judgment, compensatory and punitive damages, attorney fees and expenses, and interest. (*Id*. at 25-26).

The putative class which Plaintiff seeks to represent under Rule 23 of the Federal Rules of Civil Procedure includes:

Any person or entity:

1. Who is or was insured under an Indian Harbor or Neptune insurance policy covering real property located in West Virginia at any time from March 1, 2011 to the present;

2. Who, on or after March 1, 2011, suffered a covered cause of loss for damage to their insured real property while insured under an insurance policy issued by Indian Harbor and/or Neptune; and

3. Who received an offer or payment from or on behalf of Indian Harbor and/or Neptune for the cost of repairing and/or replacing the damage to their real property which reflected a deduction for depreciation in connection with the cost of repairing and/or replacing the real property.

(*Id.* at 19).

### B. Motion to Compel

On August 9, 2022, Plaintiff served substantively identical interrogatories, requests for production of documents, and requests for admission separately on each of the three defendants. (ECF Nos. 28-1, 28-2, 28-3). After removal of the case, the parties stipulated that the discovery responses would be due on December 16, 2022, and the deadline for Plaintiff to file a motion to compel concerning them was January 25, 2023. (ECF Nos. 12, 29 at 3). Defendant Peninsula provided unverified responses to the discovery requests on December 16, 2022, asserting many objections to the interrogatories and not producing any documents in response to the requests for production. (ECF No. 28-8). Defendants Indian Harbor and Neptune did not respond to any of the requests by the deadline; they eventually answered only the requests for admission on December 21, 2022, but they have yet to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (ECF Nos. 10, 11).

On January 25, 2023, Plaintiff filed this motion to compel, asserting that the Court should order the following:

1. Compel Defendant Peninsula to provide a verification for its answers to the interrogatories and provide full and complete answers to the discovery requests identified in Plaintiff's memorandum of law;

4

2. Compel Defendants Indian Harbor and Neptune to answer the interrogatories and requests for production in full without objection because any such objections are untimely and should be deemed waived;

3. Deem admitted the Requests for Admission to Defendants Indian Harbor and Neptune; and

4. Any other relief the Court deems proper, including awarding Plaintiff the costs and attorney fees incurred in connection with this motion to compel.

(ECF Nos. 28, 29 at 16).

In response to the motion to compel, Defendants attached a copy of Plaintiff's insurance policy and explained their position that the flood policy only covered Plaintiff's dwelling. (ECF Nos. 30 at 1-2, 30-1). Defendants contend that Defendants Indian Harbor and Neptune were not involved in the claims handling process, which was performed exclusively by Defendant Peninsula pursuant to a third-party administrator agreement which began on August 13, 2019. (*Id.*). Defendants state that they do not dispute that Plaintiff's residence was damaged from the flood, but rather, the parties disagree regarding the nature and extent of the damages with a difference of approximately $65,000.00. (*Id.* at 2). According to Defendants, the adjuster mistakenly applied depreciation to the claim, but once the error was discovered, the amount deducted for depreciation was reimbursed to Plaintiff. (*Id.* at 2-3). Defendants state that there is no dispute that depreciation should not have been applied to Plaintiff's claim. (*Id.* at 3).

As to the discovery requests served on Defendant Peninsula, Defendants argue that many of the responses were adequate, some will be supplemented, and the objections were proper. (*Id.* at 3-11). They concede that Defendants Indian Harbor and Neptune have not responded to the interrogatories or requests for production of documents. (*Id.* at 11).

5

Counsel, who collectively represents all three defendants, states that he mistakenly believed that only one set of discovery had been served on Defendant Peninsula, the only entity that was actually involved in the claims handling process. (*Id.* at n.2). Defendants note that the discovery requests to each defendant are substantively identical, and Defendants Indian Harbor and Neptune's responses will mirror the information provided by Defendant Peninsula. (*Id.* at 11). Defendants' counsel blamed his busy caseload, trial schedule, and other personal commitments to his family over the holiday season, and he promised to "correct the oversight in the very near future." (*Id.*).

Concerning the requests for admission served on Defendants Indian Harbor and Neptune, counsel explained that, although the responses were five days late, Defendant Peninsula responded to identical requests for admission in a timely manner. (*Id.* at 11-12). Moreover, Defendants point out that Rule 36 of the Federal Rules of Civil Procedure does not require the Court to deem facts as admitted when a party fails to timely respond to requests for admission. (*Id.* at 12). Rather, in Defendants' view, the Court can enlarge the time for the party to respond, even if the responses were already untimely, or allow withdrawal of admissions to promote the presentation on the merits if the Court is persuaded that it would not prejudice the requesting party. (*Id.*). In this case, Defendants argue that Plaintiff will not be prejudiced if the Court enlarges the time frame for Defendants Indian Harbor and Neptune's responses to the requests for admission to deem them timely filed. (*Id.* at 13).

In reply, Plaintiff contends that Defendants failed to cooperate with her efforts to resolve this matter without court intervention and did not properly supplement their discovery responses even after being granted extensions. (ECF No. 31 at 2). Plaintiff asserts that, only after forcing her to file a motion to compel, did Defendants admit their

errors and promise to correct them. (*Id.*). However, Defendants still do not provide any target date for supplementation. (*Id.*). Plaintiff argues that Defendants do not establish good cause for their failure to timely object or respond to discovery, particularly given the fact that they have still done nothing to remedy the issues. (*Id.* at 3-7).

## II.   <u>Discussion</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). Yet, even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

A party may serve interrogatories, requests for production of documents, and/or requests for admission, which are generally all due within 30 days of service. Fed. R. Civ. P. 33, 34, 36. However, the parties may stipulate under Rule 29 of the Federal Rules of Civil Procedure to modify that timeframe. Fed. R. Civ. P. 29. Any objections to discovery requests must be stated with specificity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(4), (5).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after conferring or attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). Importantly, the party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Tinsley v. OneWest Bank, FSB*, No. 3:13-CV-23241, 2014 WL 7005852, at *2 (S.D.W. Va. Dec. 10, 2014) (citations omitted). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id*. With those rules in mind, the Court addresses the specific discovery disputes identified in Plaintiff's motion.

### A. *Defendants Indian Harbor and Neptune*

As noted, Defendants Indian Harbor and Neptune provided untimely responses to Plaintiff's requests for admission, and they have yet to respond to Plaintiff's interrogatories and requests for production of documents. Those issues are considered below, in turn.

### 1. Requests for Admission

Requests for admission are governed by Rule 36 of the Federal Rules of Civil Procedure. *Webb v. Green Tree Servicing*, LLC, Civ. No. ELH-11-2105, 2013 WL 5442423, at *15 (D. Md. Sept. 30, 2013). The Rule "allows any party to serve on another party requests to admit the truth of facts, the application of law to fact, or opinions relating to matters within the scope of discovery." *Want v. Bulldog Fed. Credit Union*, No. 1:19-CV-02827-JMC, 2021 WL 2589808, at *5 (D. Md. June 24, 2021); *see* Fed. R. Civ. P. 36(a)(1). "The Rule's purpose, as has often been said, is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation." *Id*. (citations and markings omitted). A matter is admitted if a party does

not respond or object within 30 days of being served. Fed. R. Civ. P. 36(a)(3). However, "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." *Id*. A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). To that end, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id*.

In the present matter, Plaintiff served seven identical requests for admission on all three Defendants on August 9, 2022 prior to removal of this action to federal court. (ECF Nos. 28-1 at 15-17, 28-2 at 15-17, 29 at 3). The parties held a planning meeting pursuant to Fed. R. Civ. P. 26(f) on October 31, 2022. (ECF No. 5). Under the Federal Rules, the discovery responses would have been due 30 days after the scheduling meeting, but Plaintiff granted Defendants an extension to respond until December 16, 2022. (ECF No. 29 at 3). Plaintiff contacted Defendants' counsel on December 21, 2022 regarding various deficiencies, including the lack of discovery responses from Defendants Indian Harbor and Neptune, and Defendants Indian Harbor and Neptune promptly filed responses to the Requests for Admission the same day. (ECF Nos. 28-9 at 2, 29 at 3).

Plaintiff asks the Court to deem the Requests for Admission admitted because the responses were filed five days late. (ECF No. 29 at 16). In response, Defendants Indian Harbor and Neptune ask the Court to enlarge the time frame for the responses such that they were timely filed. (ECF No. 30 at 13). Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, the matters in the requests for admission are automatically admitted because Defendants Indian Harbor and Neptune did not timely respond. *See Cullen v.*

*Hall Auto., LLC*, No. 2:21-CV-00047, 2022 WL 1561227, at *4 (E.D. Va. Jan. 7, 2022), *report and recommendation adopted,* 2022 WL 1262549 (E.D. Va. Apr. 28, 2022). The Court cannot disregard such admission. *Id.* Yet, the Court can permit the admissions to be withdrawn or amended. *Id.* (citing Fed. R. Civ. P. 36(b)).

An admission can be withdrawn if it would promote the presentation of the merits of the action, and if allowing the withdrawal would not prejudice the party that obtained the admission. *Id.* (citing *Adventis, Inc. v. Consol. Prop. Holdings, Inc.,* 124 F. App'x 169, 173 (4th Cir. 2005)). The first prong is "satisfied when the deemed admissions effectively resolve the case and thus upholding the admissions would eliminate any need for a presentation on the merits." *Id.* (citation omitted). For some reason, neither party attached to their filings the late responses that Defendants Indian Harbor and Neptune ultimately filed to the requests for admission, which somewhat impedes the Court's analysis. However, Defendant Peninsula's responses are in the record for the Court's review. (ECF No. 28-8 at 22-23). It appears, at least based on Defendant Peninsula's responses, that the requests for admission concern some contested facts and issues, which, if admitted, could effectively preclude presentation on the merits of Plaintiff's claims against Defendants. (*Id.*). This factor weighs in favor of allowing Defendants Indian Harbor and Neptune to withdraw or amend their admissions.

Even more compelling is the second factor of the analysis, which concerns whether Plaintiff would be prejudiced if Defendants withdraw or amend the admissions. Defendants Indian Harbor and Neptune responded five days late to the requests for admission immediately after Plaintiff contacted them about their failure to respond. The delay had negligible, if any, impact on Plaintiff's ability to conduct discovery, which extends through July 2023 with dispositive motions due in August 2023. (ECF No. 6).

10

There are three defendant insurers involved in this case, two that issued the policy and one that performed all of the claims handling. Plaintiff served identical requests for admission on all three defendants, and received timely responses from Defendant Peninsula, the only entity that performed the claims handling that is the basis of this lawsuit. The responses very clearly laid out which matters Defendant Peninsula admitted and denied. Plaintiff did not file a motion to compel alleging that Defendant Peninsula's responses to the requests for admission were insufficient. Therefore, the fact that Defendants Indian Harbor and Neptune's responses to identical requests were five days late seems of little consequence based upon these facts. Plaintiff does not articulate any prejudice that she suffered to asserting her claims or otherwise. *Bolen v. Smith*, No. 3:19-CV-00709-MR, 2023 WL 373885, at *2 (W.D.N.C. Jan. 24, 2023) (stating that the party relying on the deemed admission has the burden of showing prejudice).

The Court has considerable discretion over the withdrawal of admissions once they are made or to allow untimely answers to requests for admissions when such an amendment will not prejudice the other party. *Donovan v. Porter*, 584 F. Supp. 202, 208 (D. Md. 1984). The undersigned finds that such a remedy is appropriate here. The Court **ORDERS** that Defendants Indian Harbor and Neptune's admissions are amended as reflected in their responses previously served on December 21, 2022. *See, e.g., Bolen v. Smith*, No. 3:19-CV-00709-MR, 2023 WL 373885, at *3 (W.D.N.C. Jan. 24, 2023).

### 2. Interrogatories and Requests for Production of Documents

Plaintiff further seeks an order compelling Defendants Indian Harbor and Neptune to respond to her interrogatories and requests for production of documents. (ECF No. 29 at 16). Plaintiff argues that any objections are waived by Defendants' failure to provide timely responses. (*Id.*). As previously discussed, Defendants Indian Harbor

and Neptune's responses to Plaintiff's discovery requests were due on December 16, 2022, and Plaintiff notified them of their failure to respond on December 21, 2022. Over two months elapsed since then, including full briefing of the instant motion to compel, yet Defendants Indian Harbor and Neptune have still not responded to the interrogatories or requests for production of documents. Defendants' counsel promised to correct the oversight in the very near future, but he has done nothing to rectify the situation. (ECF No. 30 at 11).

At this point, Defendants has had ample time to prepare their responses. Therefore, the Court **ORDERS** Defendants Indian Harbor and Neptune to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents within **seven (7) days** of the date of this Order. Further, given Defendants persistent failure to respond to the discovery requests, the Court finds that any objections to the relevance or scope of the requests are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). As aptly stated by another district court in a similar circumstance, "the court cannot find that the stated cause of a heavy workload establishes good cause to excuse the failure in light of length of delay and total failure to respond." *Edwards v. Hooks*, No. 5:21-CT-3270-D, 2022 WL 17367183, at *2 (E.D.N.C. Nov. 28, 2022). The Court will allow Defendants Indian Harbor and Neptune to assert any valid claim of privilege with accompanying privilege log to the extent that a privilege applies. *Id*.

### B. Defendant Peninsula

As an initial matter, Plaintiff asks the Court to compel Defendant Peninsula to verify its interrogatory responses. (ECF No. 29 at 16). Under the Federal Rules, responses to interrogatories must be signed by the person making them, and objections must be

signed by the objecting attorney. Fed. R. Civ. P. 33(b)(5). The person verifying interrogatories "must ensure that enough due diligence and investigation have been conducted to be sure that the party's answers are complete and the information is reliable and accurate." *Shulin v. Werner Enterprises, Inc.*, No. 1:15CV87, 2017 WL 10379225, at *5 (N.D.W. Va. Aug. 11, 2017) (citation omitted). This is not an optional requirement. Corporations must appoint an officer or agent to answer and sign interrogatories on its behalf, who must "furnish the information available to the party." *Id.* (citing Fed. R. Civ. P. 33(b)(1)(B), (5)). The responses by the corporate officer or agent do not reflect the person's personal knowledge, but are rather based on reasonable inquiry, including questioning employees and searching business records. *Selee Corp. v. McDanel Advanced Ceramic Techs., LLC*, No. 1:15-CV-00129-MR, 2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016). "Merely reading the answers and taking them at face value falls far short of the verification standard." *Id.* at *5. By signing the verification, the person attests that "enough due diligence and investigation have been conducted to be sure that the party's answers are complete and the information is reliable and accurate." *Id.*

In this case, Defendant Peninsula has failed to verify its interrogatory responses. Not only is the verification mandatory, but the omission is particularly critical because Defendant Peninsula responded to several of the inquiries that it was not aware of any responsive information. A significant concern raised by Plaintiff in the motion to compel is whether the person answering the interrogatories on behalf of Defendant Peninsula performed a reasonable inquiry to verify that Defendant Peninsula did not have any responsive information. Therefore, a verification is imperative so that Plaintiff can, if necessary, depose the person who answered on behalf of Defendant Peninsula or conduct any other discovery on the issue. The Court **ORDERS** Defendant Peninsula to verify its

interrogatories, including any supplemental responses ordered herein, within **seven (7) days** of this Order.

As to the other claimed deficiencies in Defendant Peninsula's discovery responses, the Court rules as follows:

- **Interrogatory No. 1**

Plaintiff seeks information regarding the non-clerical Peninsula employees that were involved in handling her claim, including their personal addresses and job titles. Defendant Peninsula identified three claim adjusters in response to this interrogatory: Michele Allen, Steve Haugen, and John Frelier. (ECF No. 28-8 at 2). Defendant Peninsula provided a business address for the adjusters, but it objected to providing their personal addresses on the basis that the request sought irrelevant information and was not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*). Defendant Peninsula also identified in response to Interrogatory Number 4 that Victor Fedossenko and Mike Francus had supervisory roles in the claim process, but it did not list them in response to Interrogatory Number 1. (*Id.* at 3).

Plaintiff asks the Court to order Defendant Peninsula to provide the job titles and personal addresses for the non-clerical employees involved in handling her claim. (ECF No. 29 at 5-6). Plaintiff supposedly needs this information for: (1) jury selection and (2) to determine the witnesses' involvement in the claim and their ability to make decisions regarding the flood loss (*Id.* at 6). In response to the motion to compel, Defendant Peninsula contends that none of the people that it listed are parties or West Virginia residents. Defendant Peninsula agrees to produce them for deposition without the need for a subpoena to the extent that it is able to produce them. (ECF No. 30 at 3). In the event that it cannot produce them for deposition, Defendant Peninsula agrees to supplement its

discovery response with the individuals' last known contact information. (*Id.*). Plaintiff asserts in reply that Defendant Peninsula's suggested resolution is inadequate because the individuals might also be needed for trial. (ECF No. 31 at 9). According to Plaintiff, the employees involved in the claim process are fact witnesses, and their addresses are discoverable. (*Id.*).

As the party resisting discovery, Defendant Peninsula has the burden of establishing that the information sought is not discoverable. In this case, Defendant attempts to meet that burden by arguing that the information is irrelevant. However, that assertion is unavailing given the nature of Plaintiff's claims in this action. Plaintiff contends that Defendants acted in bad faith and committed unfair trade practices with respect to her flood loss claim. The individual employees that handled the insurance claim are very clearly key witnesses, and Defendant asserts no basis for withholding their job titles and addresses from Plaintiff. Indeed, "[p]ersonal information is often requested of former and current employees during discovery for access to those individuals," and Plaintiff is merely inquiring about a way to contact those witnesses. *Shaffer v. Nat'l Health Ins. Co.*, No. 1:17-CV-195, 2018 WL 9988202, at *7 (N.D.W. Va. July 26, 2018).

The Court **GRANTS** the motion to compel regarding this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this interrogatory within **seven (7) days** of this Order.

- **Interrogatory No. 3**

This interrogatory asks if Defendant Peninsula destroyed, discarded, or altered any records related to Plaintiff's claim. Defendant responded that it "is not aware of any information responsive to this Interrogatory." (ECF No. 28-8 at 3). In her motion to compel, Plaintiff asserts that Defendant Peninsula's answer is vague and non-responsive,

and Peninsula should be required to clarify its response to confirm that no records have been destroyed, discarded, or altered, or supplement its response if that is not the case. (ECF No. 29 at 7). In response to the motion, Defendant Peninsula confirmed that it does not know of any responsive information, and it maintains that Plaintiff does not get to choose the wording of the response. Finally, in reply, Plaintiff states that Defendant Peninsula should be required to clarify its response to indicate whether it actually sought to confirm that no records have been destroyed, discarded, or altered. (ECF No. 31 at 9).

The Court finds that Defendant Peninsula properly responded to the interrogatory. Plaintiff did not ask what efforts Defendant Peninsula undertook to find responsive information. Therefore, the Court will not compel it to articulate such information. As previously discussed, Defendant Peninsula was required to conduct a reasonable investigation for responsive information, and it must verify its interrogatory responses to confirm the same. If Defendant Peninsula had any information that any records were destroyed, discarded, or altered, it was obligated to identify them. Further, if it discovers any such information, it must supplement its answer. For those reasons, the Court **DENIES** the motion to compel regarding this interrogatory.

- **Interrogatory No. 12**

Plaintiff asks Defendant Peninsula to identify any lawsuits filed in the past five years in West Virginia which alleged bad faith, unfair claims handling practices, and the like. Defendant Peninsula responded that it "is not aware of any information responsive to this Interrogatory." (ECF No. 28-8 at 8). Plaintiff claims that it cannot determine whether Defendant has undertaken the necessary investigation to determine if there is responsive information, and Defendant Peninsula should be compelled to clarify the response to indicate whether it has done so. (ECF No. 31 at 9). Again, Plaintiff asks the

Court to compel information that it did not request. Plaintiff did not ask Defendant Peninsula to describe what efforts it expended to search for lawsuits that are responsive to this interrogatory. As Defendant Peninsula stated, it is not aware of any responsive information. Therefore, it fully responded to the question posed. Furthermore, it was incumbent upon Defendant Peninsula to answer this discovery request based on a reasonable investigation. As ordered, an agent or officer of Defendant Peninsula must verify its response to confirm that a reasonable inquiry was conducted for responsive information. That verification should satisfy Plaintiff's concern regarding Defendant Peninsula's response to this discovery request. The Court **DENIES** the motion to compel regarding this interrogatory.

- **Interrogatory No. 13**

Plaintiff asks for the names of witnesses that Defendant Peninsula interviewed or from whom it obtained statements regarding Plaintiff's insurance claim, and the dates of the interview or statement. (ECF No. 28-8 at 8). Defendant Peninsula responded to the interrogatory, but it did not provide the dates of the statements. (*Id.*). It has stated that it will supplement the dates "in the near future" and correct a slight error in the response. (ECF No. 30 at 4). However, as of the filing of Plaintiff's reply, Defendant Peninsula has not supplemented its responses or provided any indication of when it will supplement. (ECF No. 31 at 10). A review of the docket indicates that Defendant Peninsula has not filed any certificates of service for supplemental responses. The Court **GRANTS** the motion to compel regarding this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this interrogatory within **seven (7) days** of this Order.

- **Interrogatory No. 14**

Plaintiff asked Defendant Peninsula to identify all requests for information that it

made to any entity regarding Plaintiff's claim. (ECF No. 28-8 at 9). Defendant Peninsula responded to the interrogatory, but it indicated in response to Plaintiff's motion to compel that it has further responsive information. (ECF Nos. 28-8 at 9, 30 at 4). Defendant Peninsula stated that it "is in the process" of supplementing its response and producing its claim notes along with a privilege log. (ECF No. 30 at 4). However, it has yet to supplement according to Plaintiff's reply brief and the docket sheet. Therefore, the Court **GRANTS** the motion to compel regarding this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this interrogatory within **seven (7) days** of this Order.

- **Interrogatory No. 17**

This interrogatory asks Defendant Peninsula to identify written complaints made against it in the past three years concerning West Virginia claims. (ECF No. 28-8 at 10-11). Defendant Peninsula responded that it "is not aware of any information responsive to this Interrogatory." (*Id*.). According to Defendant Peninsula, the response clearly indicates that it does not have any responsive information. (ECF No. 30 at 4). However, like previous interrogatories, Plaintiff claims that Defendant Peninsula should be compelled to provide further information. Plaintiff takes issue with the fact that Defendant Peninsula did not indicate whether it reviewed its claim register or other files, if it even maintains such a record as required by state law. (ECF No. 31 at 10). The Court finds that Defendant Peninsula was not required to answer those questions because they were not asked in the interrogatory. The Court **DENIES** the motion to compel regarding this interrogatory.

- **Interrogatory Nos. 18 through 20**

Interrogatory numbers 18 through 20 inquire about the number of West Virginia

insureds who received an estimate, offer, or payment from Defendant Peninsula for repairing or replacing real property that reflected a deduction for depreciation. Specifically, the requests ask:

> Interrogatory No. 18: Identify the total number of Peninsula insured who suffered a covered cause of loss for damage to real property located in West Virginia from March 1, 2011 to the present, who received an estimate and/or offer from Peninsula for the cost of repairing and/or replacing the damage to their real property which reflected a deduction by Peninsula for depreciation in connection with the cost of repairing and/or replacing the real property.

> Interrogatory No. 19: Identify the total number of Peninsula insureds who suffered a covered cause of loss for damage to their real property located in West Virginia from 2/11/12 to present, who received a payment for the cost of repairing and/or replacing the damage to their real property which included a deduction by Peninsula for depreciation.

> Interrogatory No. 20: With respect to the Peninsula insureds who suffered a covered cause of loss for damage to real property located in West Virginia from 2/11/12 to the present, and who received an estimate, offer or payment for the cost of repairing and/or replacing damage to their real property, which included a deduction by Peninsula for depreciation, identify the total number of said insureds who rejected the estimates, offers or payments and were ultimately paid the total cost of repairing and/or replacing the damage to their real property (less any applicable deductibles) without a deduction for depreciation.

> Answers to All: Peninsula objects to this Interrogatory as it is patently overbroad and unduly burdensome as phrased. Moreover, the request for information is not sufficiently narrowed in scope or duration. Peninsula does not track or record when depreciation is taken on any particular claim and gathering this information would require an intensive hand review of potentially hundreds of claims file to determine whether depreciation was applied to the claims process.

(ECF No. 28-8 at 11-12).

Plaintiff claims that these interrogatories seek information regarding the putative class so that she can establish the numerosity requirement for class certification. (ECF

No. 31 at 10). In response to the motion to compel, Defendant Peninsula suggested limiting the scope and durational limits in the interrogatories to Neptune/Indian Harbor flood policies from August 13, 2019, which is when the relationship between Peninsula and Neptune/Indian Harbor began, to the date of Plaintiff's flood loss on March 1, 2021. (ECF No. 30 at 2, 6-7). According to Peninsula, approximately ten claims fall within those parameters. (*Id*. at 7).

However, Plaintiff disagrees with those proposed limits. Plaintiff responds that the putative class includes all customers who were subjected to improper deductions for depreciation for losses to real property regardless of the exact nature of the claims or policies. (ECF No. 31 at 11). Plaintiff cites W. Va. Code § 33-17-9, a provision which relates to fire loss, as standing for the proposition that insurers cannot apply depreciation to claims for loss or damage to real property, and Plaintiff contends that the obvious purpose of that requirement is to ensure that insureds receive all of the funds necessary to repair or replace their property. (ECF No. 31 at 11). According to Plaintiff, Defendant should not be able to unilaterally limit the parameters of the putative class. (*Id*.). Also, Plaintiff points out that Defendant has only stated that it would potentially be required to review hundreds of claim files to obtain the information, but it did not specify the number of files at issue or the burden it would impose. (*Id*. at 12). Plaintiff expresses the opinion that reviewing hundreds of claim files to obtain this relevant information would not be overly burdensome, especially considering the importance of the information.

Under the Federal Rules, class certification is proper if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately

20

protect the interests of the class. Fed. R. Civ. P. 23(a). Once those requirements are met, the proposed class must still satisfy one of three additional requirements for certification under Rule 23(b).

District courts in the United States Court of Appeals for the Fourth Circuit have allowed plaintiffs to engage in "pre-certification discovery to establish the record the court needs to determine whether the requirements for a class action suit have been met." *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 185–86 (D. Md. 2003). "Such discovery is permitted because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Miller v. Baltimore Gas & Elec. Co.*, 202 F.R.D. 195, 200 (D. Md. 2001) (markings and citations omitted).

The putative class that Plaintiff attempts to certify includes any person or entity:

1. Who is or was insured under an Indian Harbor or Neptune insurance policy covering real property located in West Virginia at any time from March 1, 2011 to the present;

2. Who, on or after March 1, 2011, suffered a covered cause of loss for damage to their insured real property while insured under an insurance policy issued by Indian Harbor and/or Neptune; and

3. Who received an offer or payment from or on behalf of Indian Harbor and/or Neptune for the cost of repairing and/or replacing the damage to their real property which reflected a deduction for depreciation in connection with the cost of repairing and/or replacing the real property.

(ECF No. 1-1 at 19).

Reviewing the arguments presented, Defendant Peninsula has not met its burden of showing that discovery on these matters will be overly burdensome. The Court finds that the geographical and temporal scope of the interrogatories is appropriately narrow to reflect the putative class. However, the Court notes that the proposed class is expressly

limited to individuals who were insured under Indian Harbor/Neptune policies. Therefore, the discovery requests should be limited to Indian Harbor/Neptune policies to be relevant of the numerosity requirement for class certification. Given the fact that the putative class is not limited exclusively to flood policies, it would be overly restrictive to limit Defendants' response to flood policies, as Defendants suggest. Therefore, considering the relevancy and proportional limits imposed by Rule 26 of the Federal Rules of Civil Procedure, the Court **GRANTS** the motion to compel, in part, concerning interrogatory numbers 18 through 20 as worded except limited to only Indian Harbor/Neptune policies. It **ORDERS** Defendant Peninsula to supplement its responses to these interrogatories within **seven (7) days** of this Order.

- **Interrogatory Nos. 21 through 23**

These three interrogatories ask Defendant Peninsula to identify its claims manuals, guidelines, training materials, e-mails, and other directives which permit, direct, prohibit, forbid, address, or discuss deducting depreciation for the cost of repairing or replacing damage to real property. (ECF No. 28-8 at 12-14). The requests are limited to information made available to Peninsula claim adjusters handling West Virginia claims in the past 10 years. (*Id.*). Defendant Peninsula objected to producing the materials, if they exist, because they are confidential business records. (*Id.* at 13-14). Defendant Peninsula also objected that the information is irrelevant because Defendant Peninsula admits that depreciation was mistakenly taken, and that amount has already been tendered to Plaintiff. (*Id.*).

As Plaintiff noted, these interrogatories seek the identification, not production, of the documents. Therefore, Defendant Peninsula's argument about the proprietary nature of the documents is misplaced. (ECF No. 30 at 8). Furthermore, regarding the relevance

of the information, Plaintiff alleges that Defendants acted in bad faith and committed unfair trade practices claim by unlawfully deducting depreciation from offers and payments made on insurance claims for damage to real property. Thus, the issue of what Defendants' employees were trained to do regarding deducting depreciation from such claims is directly relevant to Plaintiff's allegations in this lawsuit and her request for punitive damages. As Plaintiff discussed, this information could be probative of whether Defendant Peninsula had a general business practice of handling claims in the allegedly unlawful manner that it handled Plaintiff's claim. (ECF No. 31 at 12). The Court **GRANTS** the motion to compel concerning interrogatory numbers 21 through 23 and **ORDERS** Defendant Peninsula to supplement its responses to these interrogatories within **seven (7) days** of this Order.

- **Interrogatory Nos. 24 through 27**

Plaintiff asks Defendant Peninsula to identify every other instance from February 11, 2012 to the present when one of its adjusters applied a deduction for depreciation in connection with the cost of repairing and/or replacing damage to real property in West Virginia; the name, address, and telephone number of Defendant Peninsula's insureds that received an offer, estimate, or payments reflecting such depreciation for damage to real property located in West Virginia on or after February 11, 2012; the insureds that rejected the offer that deducted depreciation and subsequently received an offer, estimate, and/or payment that did not include such deduction; and the total amount of depreciation that Defendant Peninsula deducted from payments for repairing or replacing real property in West Virginia on or after February 11, 2012. (ECF No. 28-8 at 14-16).

Defendant Peninsula objected to these interrogatories on the basis that they were

overly broad and unduly burdensome. (*Id.*). It stated that it did not track when depreciation was applied to any particular claim. (*Id.*). Thus, "gathering this information would require an intensive hand review of potentially hundreds of claims file[s] to determine whether depreciation was applied to the claims process." (*Id.*). Despite its boilerplate objections, Defendant Peninsula has not provided any affidavits or other specific evidence of the alleged burden of responding to these requests. Its vague assertion that it will *potentially* have to review hundreds of claim files is insufficient. Furthermore, Defendant Peninsula now argues in response to the motion to compel that the information sought is irrelevant because it refunded to Plaintiff the amount deducted for depreciation. (ECF No. 30 at 10). However, Defendant Peninsula did not object to these requests based on relevance. (ECF No. 28-8 at 14-16). For the reasons previously discussed, the information sought is relevant to Plaintiff's claims, and Plaintiff is entitled to discover information that bears on the issue of class certification, as well as Defendant Peninsula's general business practice of applying depreciation concerning real property. The Court **GRANTS** the motion to compel concerning interrogatory numbers 24 through 27 and **ORDERS** Defendant Peninsula to supplement its responses to these interrogatories within **seven (7) days** of this Order.

Because Peninsula represents that gathering the information responsive to these interrogatories would require an intensive manual search of hundreds of records, the Court permits Peninsula to first supplement its answers to these discovery requests by submitting to Plaintiff proof of the burdensomeness of the requests. This proof should be provided within **seven (7) days** of this Order and shall take the form of affidavits and other specific evidence demonstrating the time and expense of conducting the search for and collection of responsive information. For example, Peninsula should be able to

discern rather easily the total number of claims for damage to real property in West Virginia that was processed on or after February 11, 2012; how the records of those claims are stored (electronically or in paper form); whether the records can be searched electronically; whether there is a certain form that is used to calculate depreciation that can easily be culled from each file if, in fact, depreciation was a factor in the claim, etc. . . From that information, Peninsula should be able to calculate the time and personnel needed to review the records to answer the interrogatories.

Upon a showing of burdensomeness, the parties are **ORDERED** to meet and confer to determine whether there is a way to tailor the requests to make them less burdensome and more proportional to the needs of the case in its present posture, bearing in mind that while it is not currently a class action, information needed to establish class certification is relevant. If, on the other hand, Peninsula fails to show through specific evidence that the interrogatories are burdensome, and thus disproportional to the needs of the case, then the responses shall be supplemented with the requested information.

- **Request for Production No. 1**

This request seeks the complete investigation and claim files related to Plaintiff's insurance claim. (ECF No. 28-8 at 16-17). Defendant Peninsula responded on December 16, 2022 that it was "in the process of gathering these materials from the date of claim to the date of filing suit," but it "claims attorney client privilege for all aspects of the claim file once suit was initiated." (*Id.* at 17). Plaintiff argues that Defendant Peninsula's broad assertion of attorney-client privilege is inappropriate because the privilege only applies to communications between attorney and client, and Defendant Peninsula also waived the privilege because Defendant Peninsula did not timely respond to the discovery request with a privilege log. (ECF No. 29 at 12). "Given the sanctity of the attorney-

client privilege and the seriousness of privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith." *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 234–35 (S.D.W. Va. 2015) (quoting *Smith v. James C. Hormel Sch. of Va. Inst. of Autism,* No. 3:08cv00030, 2010 WL 3702528, at *5 (W.D. Va. Sept. 14, 2010) (collecting cases). The Court finds that the circumstances do not justify deeming that Defendant Peninsula waived its attorney-client privilege at this point.

Although it is premature to rule on the applicability of the attorney-client privilege to certain documents because the documents and accompanying privilege log have not been produced, the Court preemptively advises Defendant Peninsula to be cognizant of the fact that the attorney-client privilege does not apply to swaths of information simply because litigation was filed. Rather, the privilege shields from discovery communications between a lawyer and client that are confidential and made for the purpose of securing legal advice. *United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir. 1982). Employees within a corporation may "communicate privileged information at various levels [of the corporation] without waiving the attorney-client privilege." *See e.g. Santrade, Ltd. v. General Electric Co.*, 150 F.R.D. 539, 545 (E.D.N.C. 1993) (citation omitted); *Deel v. Bank of Am., N.A.*, 227 F.R.D. 456, 460 (W.D. Va. 2005).

Defendant Peninsula's reference to documents created after litigation was filed appears to rely, at least in part, on the work product doctrine. Information that is documented in anticipation of litigation can qualify as work product. *Nicholas v. Bituminous Cas. Corp.*, 235 F.R.D. 325, 331 (N.D.W. Va. 2006). "Opinion work product," which is defined as "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation" receives the greatest work-product protection. *Id.* at 332 (citing *In re Grand Jury Proceedings,* 33 F.3d 342,

348 (4th Cir.1994)). In this case, Defendant Peninsula did not mention the work-product doctrine in its initial response to this discovery request, and Plaintiff thereby argues that it waived that protection. (ECF No. 28-8 at 17).

A party generally waives an objection to a request for production of documents that it did not timely assert in its initial discovery response. *See, e.g., Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001). However, courts typically evaluate whether good cause exists to excuse a failure to timely object. It considers relevant factors such as whether there is a history of bad faith or delays, the length of and reason for the delay, whether there was any dilatory or bad faith action from the party that failed to raise the objection properly, whether the party seeking discovery has been prejudiced by the failure, whether the document production request was properly framed and not excessively burdensome, and whether waiver would impose an excessively harsh result on the defaulting party. *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005). Here, it would impose an overly harsh result on Defendant Peninsula to rule at this stage that it waived work-product protection regarding its claim notes and other materials. The delay has not significantly prejudiced Plaintiff because ample time remains in the discovery period, and the record does not reflect a history of delay or bad faith by Defendants other than the circumstances that prompted this motion.

Notwithstanding that finding, the Court is not inclined to extend infinite leniency regarding Defendant Peninsula's failure to respond to discovery. The Court **GRANTS** the motion to compel concerning this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order. The Court cautions Defendant Peninsula that any claims of attorney-client privilege and/or work product in its supplemental response must be asserted judiciously

and accompanied by a proper privilege log.

- **Request for Production No. 2**

Plaintiff seeks copies of Defendant Peninsula's claim manuals that were used or available to its employees from February 11, 2012 to the present regarding West Virginia claims or policies. (ECF No. 28-8 at 17). Plaintiff explicitly agreed to enter into a Protective Order to protect the proprietary nature of said materials. (*Id*.). Nonetheless, Defendant Peninsula objected to this request on the basis that the records are confidential and irrelevant because Defendant Peninsula admits that depreciation was mistakenly taken in this matter, and it was repaid. (*Id*.).

As to confidentiality, the undersigned notes that a Protective Order has been entered in this case, which would adequately protect the proprietary nature of these documents should Plaintiff find that it is necessary to mark them confidential. (ECF No. 27). Claims manuals are routinely produced in discovery subject to similar protective orders in bad faith and unfair trade practices cases. See, e.g., *Moses Enterprises, LLC v. Lexington Ins. Co.*, No. 3:19-CV-00477, 2020 WL 7634165, at *4 (S.D.W. Va. Dec. 22, 2020); *Williamson v. Liberty Mut. Fire Ins. Co.*, No. 3:15-CV-07812, 2015 WL 8489980, at *2 (S.D.W. Va. Dec. 9, 2015); *Ohio Cas. Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*, No. 5:07-CV-149-D, 2008 WL 413849, at *1 (E.D.N.C. Feb. 13, 2008).

Despite the discoverability of the claim manuals, the Court finds that the request, as worded, seeks irrelevant information and should be narrowed in scope. This case exclusively concerns insurance claims for damage to real property and the allegedly improper depreciation that Defendants applied to those types of claims. Although Request for Production Number 2 is restricted to West Virginia policies or claims, Plaintiff did not limit it to property damage claims. (*Id*. at 17). Considering Rule 26 of the Federal

Rules of Civil Procedure, claims manuals that have nothing to do with property damage claims are not relevant to Plaintiff's claims, nor are they proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

For those reasons, the Court **GRANTS** the motion to compel concerning this discovery request, in part, as limited to documents pertaining to claims for damage to real property. The Court **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order.

- **Request for Production No. 4**

This request seeks decisional manuals, directives, procedures, rules, or guidelines pertaining to Plaintiff's claim.  (ECF No. 28-8 at 18). Defendant Peninsula lodged the same objection as it did above, stating that the materials are confidential and irrelevant to Plaintiff's claims. (*Id.*). The Court finds that the confidentiality of such documents would be adequately protected by the Protective Order entered in this case. (ECF No. 27). Further, the documents are, at a minimum, very clearly relevant to Plaintiff's unfair trade practices claim. The Court **GRANTS** the motion to compel concerning this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order.

- **Request for Production No. 5**

Plaintiff seeks production of Defendant Peninsula's Complaint Registry, which is required by W. Va. Code § 33-11-4(10), for the past five years concerning West Virginia claims. (ECF No. 28-8 at 18). Defendant Peninsula responded that "[u]pon information and belief, [it] does not have any complaints that are responsive to this request." (*Id.*). Plaintiff argues that the response is vague and nonresponsive because this request seeks the complaint register, not the actual complaints. (ECF No. 29 at 13). According to

Plaintiff, it is unclear whether Defendant Peninsula maintained a complaint record as required by law. (*Id.*). Plaintiff contends that Defendant Peninsula should be required to clarify whether it has a complaint register and to produce it if it exists. (*Id.*). Plaintiff highlights the fact that Defendant Peninsula did not specifically indicate that it made a proper inquiry to determine whether such information exists. (ECF No. 31 at 15).

West Virginia law requires insurers to "maintain a complete record of all the complaints which it has received," indicating "the total number of complaints, their classification by line of insurance, the nature of each complaint, the disposition of these complaints, and the time it took to process each complaint." W. Va. Code § 33-11-4(10). "For purposes of this subsection, 'complaint' shall mean any written communication primarily expressing a grievance." *Id*. The Court does not find Defendant Peninsula's response to Plaintiff's request for the complaint log to be vague or non-responsive. Plaintiff did not ask in this request whether Defendant Peninsula maintains a complaint register or what efforts it made to determine whether it has a complaint log. Rather, Plaintiff asked for a copy of Defendant Peninsula's complaint register for West Virginia complaints in the past five years. Defendant Peninsula clearly responded that it does not have any responsive complaints. It goes without saying that there would be no complaint register of complaints that do not exist. Plaintiff is again arguing over semantics and asking Defendant Peninsula to prove a negative. The Court **DENIES** Plaintiff's motion to compel regarding this discovery request.

- **Request for Production No. 6**

This request seeks copies of the files for any claims or complaints identified in interrogatory numbers 12 and 15. (ECF No. 28-8 at 19). Defendant Peninsula responded by referring Plaintiff to its objections to those interrogatories. (*Id.*). Plaintiff asserts that

Defendant Peninsula's response to this request is vague, and Defendant waived any objections. (ECF No. 29 at 13). The Court finds that Defendant Peninsula's response is not vague, but instead patently incorrect. Defendant Peninsula did not object to interrogatory numbers 12 and 15. It answered that it did not have any information that was responsive to either interrogatory. (ECF No. 28-8 at 8, 10). Nonetheless, despite Defendant Peninsula's error in responding to this document request, there is no practical purpose in ordering Defendant Peninsula to supplement its response because no responsive documents exist. Defendant Peninsula did not identify any claims or complaints in response to interrogatory numbers 12 or 15; thus, there are no documents to produce regarding them. The Court **DENIES** Plaintiff's motion to compel regarding this discovery request.

- **Request for Production No. 10**

Plaintiff seeks copies of documents that Defendant Peninsula relied upon to deny any portion of Plaintiff's claim. (ECF No. 28-8 at 20). In response, Defendant Peninsula referred Plaintiff to the subject policy and report of FKS Insurance and Keystone Engineering. (*Id.*). However, it did not produce those documents. Defendant Peninsula claims that Plaintiff possesses these materials, as identified in her initial disclosures, but agrees to produce them to her. (ECF No. 30 at 11). The Court **GRANTS** the motion to compel concerning this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order.

- **Request for Production No. 11**

Plaintiff seeks copies of all training manuals that Defendant Peninsula used to train its representatives handling West Virginia homeowners claims from February 11,

2012 to the present. (ECF No. 28-8 at 20). Defendant Peninsula objected on the ground that the materials, if they exist, are confidential business records, and the request seeks irrelevant information because Defendant Peninsula admits that depreciation was erroneously applied and refunded to Plaintiff. (*Id.*). However, Defendant Peninsula has not offered any support for those objections or responded to Plaintiff's motion to compel a response to this request for production. *See* (ECF No. 30 at 11). Defendant Peninsula has very clearly failed to meet its burden as the party opposing discovery. Furthermore, the Court finds that the Protective Order adequately protects the purported confidentiality of the records, and the information sought is relevant to Plaintiff's unfair trade practices claim and proportional to the needs of the case. The Court **GRANTS** the motion to compel concerning this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order.

- **Request for Production No. 12**

Plaintiff requests a certified copy of her insurance policy. (ECF No. 28-8 at 20). Defendant Peninsula responds that Plaintiff already has a copy of the policy, but it will nonetheless produce it. (ECF No. 30 at 11). The Court **GRANTS** the motion to compel concerning this discovery request and **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order.

- **Request for Production No. 13**

This request seeks a complete copy of the electronic claim diaries and/or data relating to Plaintiff's claim, such as the claim log and other documents. (ECF No. 28-8 at 20-21). Defendant Peninsula referenced its response to Request for Production of Documents Number 1, which stated that Defendant Peninsula was in the process of

gathering the materials from the date of the claim to the filing of suit because attorney-client privilege governed all aspects of the claim file once suit was initiated. (*Id.* at 17, 21). Defendant Peninsula provides no response to Plaintiff's motion to compel a response to this discovery request. *See* (ECF No. 30 at 11). For the reasons discussed with respect to Request for Production of Documents Number 1, the Court **GRANTS** the motion to compel concerning this request and **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order. The Court refers Defendant Peninsula to its previous discussion regarding claims of attorney-client privilege and/or work product and a proper privilege log.

- **Request for Production No. 15**

Plaintiff seeks a copy of the underwriting file concerning Plaintiff and/or the policy at issue. (ECF No. 28-8 at 21). Defendant Peninsula objected that the request seeks irrelevant and confidential information. (*Id.*). Plaintiff argues that the underwriting file is reasonably calculated to lead to the discovery of relevant and admissible evidence because it should contain photographs, evaluations, and letters and statements concerning the condition of Plaintiff's property at the time of underwriting, as well as documenting the coverage sought by Plaintiff and the coverage ultimately provided. (ECF No. 29 at 15). The Court finds that the underwriting file is discoverable in this action as it might bear on any ambiguity in the insurance contract and is relevant to Plaintiff's bad faith and unfair trade practices claims. *See, e.g., Clean Earth of Maryland, Inc. v. Total Safety, Inc.*, No. 2:10-CV-119, 2011 WL 4832381, at *8 (N.D.W. Va. Oct. 12, 2011); *Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13-CV-80, 2014 WL 12596397, at *10 (N.D.W. Va. Jan. 9, 2014). The Protective Order entered in this action is available to protect the alleged confidentiality of the documents. The Court **GRANTS** the motion to compel concerning

this request and **ORDERS** Defendant Peninsula to supplement its response to this request for production within **seven (7) days** of this Order.

Wherefore, For the reasons stated, the Court **GRANTS**, in part, and **DENIES**, in part, the motion to compel, (ECF No. 28), as follows:

- Defendants Indian Harbor Insurance Company and Neptune Flood Incorporated's admissions are amended as reflected in their responses served on December 21, 2022.

- Defendants Indian Harbor Insurance Company and Neptune Flood Incorporated are **ORDERED** to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents within **seven (7) days** of this Order. Any objections to the relevance or scope of these discovery requests are waived by Defendants complete failure to respond, but the Court will allow Defendants to assert valid claims of attorney-client privilege and/or work product, if applicable, with an accompanying privilege log.

- Defendant Peninsula Insurance Bureau, Inc., is **ORDERED** to supplement its responses to Interrogatory Nos. 1, 13, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 and Request for Production of Documents Nos. 1, 2, 4, 10, 11, 12, 13, and 15 within **seven (7) days** of this Order. Defendant Peninsula shall fully respond to the discovery requests as worded with the exception of Interrogatory Nos. 18 through 20, which the Court limits to Indian Harbor/Neptune policies; Interrogatory Nos. 24 through 27, as explained above; and Request for Production No. 2, which the Court limits to claims for damage to real property. All other wording of the requests remains in

effect.

- The Court denies the motion to compel with respect to Interrogatory Nos. 3, 12, and 17 and Request for Production of Documents Nos. 5 and 6.

The Clerk is instructed to provide a copy of this Order to counsel and any unrepresented parties.

**ENTERED**: March 14, 2023

Cheryl A. Eifert
United States Magistrate Judge